UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA *ex rel.* CAROL )
COOTS, )
    *Plaintiff-Relator*, )
) 1:10-cv-0526-JMS-TAB
*vs.* )
)
REID HOSPITAL & HEALTH CARE SERVICES, )
INC. AND REID PHYSICIAN ASSOCIATES, INC., )
    *Defendants.* )

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Presently before the Court is Defendant Reid Hospital & Health Care Services' and Defendant Reid Physician Associates, Inc.'s (collectively, "Defendants") Motion to Dismiss. [Dkt. 39.] Defendants argue that Relator Carol Coots' Complaint should be dismissed for failing to plead fraud with the level of particularity required by Federal Rule of Civil Procedure 9(b). Defendants also argue that Ms. Coots' Complaint fails to identify at least one false claim that Defendants submitted for each fraudulent scheme alleged. For the following reasons, the Court converts Defendants' motion to dismiss into a motion for more definite statement and orders Ms. Coots to file an amended complaint within fourteen days if she intends to continue to pursue this action against Defendants.

## I.
### PLEADING REQUIREMENTS IN QUI TAM ACTIONS

As is relevant here, Ms. Coots brings this action on behalf of the United States under the *qui tam* provision of the False Claims Act ("FCA").[1] 31 U.S.C. § 3729(a). An FCA claim has

---

[1] The United States declined to intervene on October 29, 2010. [Dkt. 19.] Count II of the Complaint, brought on behalf of the State of Indiana under Indiana Code § 5-11-5.5-2, is not the subject of the Defendants' motion. The Court notes, however, that the deadline for the State of Indiana to intervene passed without a motion to intervene being filed. [Dkt. 27.]

three essential elements: (1) the defendant made a statement in order to receive money from the government, (2) the statement was false, and (3) the defendant knew it was false. 31 U.S.C. § 3729(a)(2); *United States ex rel. Gross v. Aids Research Alliance-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005). Liability attaches only when a false statement is used "to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C. § 3729(a)(2).

The FCA is an anti-fraud statute; therefore, Ms. Coots' claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Gross*, 415 F.3d at 604. To plead fraud with particularity, a relator must allege "the who, what, when, where, and how: the first paragraph of any newspaper story." *Id.* at 605 (addressing sufficiency of allegations in *qui tam* action); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003) (same).[2]

## II.
### DISCUSSION

Defendants contend that Ms. Coots' Complaint fails to adequately plead "the who, what, when, where, and how" of Defendants' alleged fraud.[3] [*See* dkt. 40 at 5-8 (arguing that Ms. Coots failed to plead those details for each claim against Defendants).] Additionally, Defendants

---

[2] Ms. Coots cites *United States ex rel. Glaser v. Wound Care Consultants*, 2007 U.S. Dist. LEXIS 23324 (S.D. Ind. 2007), for the proposition that the "journalistic-type approach" to pleading requirements in *qui tam* actions does not apply to allegations surrounding an extensive fraudulent scheme. [Dkt. 48 at 3.] Because Ms. Coots does not cite a Seventh Circuit Court of Appeals case adopting that proposition, and this Court did not find one on its own, the Court will adhere to the standard applied by the Seventh Circuit in *Gross* and *Garst*.

[3] Defendants' tone of intellectual disdain for Ms. Coots' position is both distracting and unnecessary to convey its legal position. [*See, e.g.*, dkt. 40 at 15 ("Relator's Complaint contains vague allegations of skullduggery, based almost entirely upon both an ignorance of basic Medicaid statutes, regulations, and guidelines, and a blatant failure to educate herself as to same.").] The Court reminds counsel of the dictates of the Seventh Circuit Standards of Professional Conduct, S.D. L.R. 83-5(e), which require counsel to "treat all other counsel, parties, and witnesses in a civil and courteous manner, not only in court, but also in all other written and oral communications." Seventh Circuit Standards of Professional Conduct, Lawyers' Duties to Other Counsel, *available at* http://www.ca7.uscourts.gov/Rules/rules.htm#standards.

criticize Ms. Coots for failing to identify at least one false submitted claim for each of the fraudulent schemes she alleges. [Dkt. 52 at 3.]

**A. Failure to Specifically Plead Fraud**

First, Defendants argue that Ms. Coots' federal claims lack the specificity required by Rule 9(b). The Court has reviewed the Complaint and agrees with Defendants that Ms. Coots failed to plead various elements of "the who, what, when, where, and how" for each claim she asserted against Defendants. [*See, e.g.*, dkt. 1 at 6 ("Use of False Diagnosis Codes" claim failing to plead when alleged fraud occurred), 21 ("Upcoding of Cardiac Catheterizations" claim failing to plead when alleged fraud occurred).] While the Complaint is not unintelligible, it does lack some of the details required by the heightened pleadings requirements of Rule 9(b).

**B. Failure to Identify Specific False Claim**

Defendants next argue that Ms. Coots has failed to link a false claim Defendants actually submitted with each fraudulent scheme she alleges. [Dkt. 52 at 2-3.] As an initial matter, Defendants make this argument for the first time in their reply brief and, therefore, it is waived. *United States v. Foster*, 652 F.3d 776 n.5 (7th Cir. 2001) ("The reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court.").

Waiver notwithstanding, Defendants cite *Crews* as support for their argument; however, that case details a relator's burden on summary judgment, not at the pleadings stage. *See United States ex rel. Crews v. NCS Healthcare of Illinois*, 460 F.3d 853, 856 (7th Cir. 2006) (concurring with decisions from three other circuits holding that a relator must provide at least one false

claim that was actually submitted to survive a motion for summary judgment).[4] The Court will not conflate the proof requirements on summary judgment with the requirements at the pleadings stage of a *qui tam* action. *Gross*, 415 F.3d at 604 (distinguishing between summary judgment requirements and pleadings requirements in a *qui tam* action).

### C. Remedy

In addition to Ms. Coots' failure to plead certain claims with the requisite heightened particularity, the Court notes that the posture of Ms. Coots' action has changed since the initial filing almost one year ago. Two of the defendants she initially sued—Resolution Consulting, Inc. and Richmond Cardiology Associates, LLC—have been dismissed. [Dkts. 51; 54.] Moreover, Ms. Coots and Defendants now agree that Count III of her Complaint against Defendants should be dismissed. [Dkts. 40 at 16-17; 48 at 13.] These changes, combined with Ms. Coots' failure to plead certain elements of the fraud claims with the requisite level of particularity, demonstrate that what is most needed at this point of the litigation, for the benefit of both Defendants and this Court, is a more explicit statement of the facts supporting Ms. Coots' *qui tam* action against the remaining Defendants. Accordingly, the Court converts Defendants' motion to dismiss into a motion for a more definite statement consistent with the provisions of Federal Rule of Civil Procedure 12(e) and **GRANTS** that motion.

---

[4] Defendants also cite *United States ex rel. Fowler v. Caremark RX LLC*, 496 F.3d 730, 742-43 (7th Cir. 2007), *overruled by Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 910 (7th Cir. 2009). Although *Fowler* discussed pleadings standards, it did not expressly hold that a relator is required to identify at least one false claim actually submitted for each scheme alleged and, moreover, *Fowler* has been overruled and is not precedential.

# III.
## CONCLUSION

The parties agree that Ms. Coots' claim for Medicare and Medicaid Fraud pursuant to 42 U.S.C. § 1320a-7a should be dismissed. Therefore, the Court **ORDERS** Count III of Ms. Coots' Complaint **DISMISSED WITH PREJUDICE**.

For the reasons stated herein, the Court converts Defendants' motion to dismiss to a motion for more definite statement consistent with Federal Rule of Civil Procedure 12(e) and **GRANTS** that motion. [Dkt. 39.] Ms. Coots has **fourteen days** to file an amended complaint that adequately pleads "the who, what, when, where, and how" of Defendants' alleged fraud.[5] The Court's conversion of the Defendants' motion is without prejudice to Defendants' right to file any motion pursuant to Rules 9(b) and 12(b) in response to Ms. Coots' amended complaint.

04/02/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Robert Daniel Craven
CRAVEN HOOVER & BLAZEK P.C.
dcraven@chblawfirm.com

David Benjamin Honig
HALL RENDER KILLIAN HEATH & LYMAN
dhonig@hallrender.com

Steven A. Hunt
INDIANA ATTORNEY GENERAL
shunt@atg.state.in.us

J. Richard Kiefer

---

[5] While Ms. Coots is not required to identify a specific false claim supporting each fraudulent scheme she asserts at this stage of the litigation, she should be mindful of her burden on summary judgment and only plead what she believes she will be able to support with the benefit of discovery.

BINGHAM GREENEBAUM DOLL LLP
jrkiefer@bgdlegal.com

John F. McCauley
BINGHAM GREENEBAUM DOLL LLP
jmccauley@bgdlegal.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov