UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF INDIANA, ex rel. CAROL COOTS, Individually,<br>    *Plaintiff*,<br><br>vs.<br><br>REID HOSPITAL & HEALTH CARE SERVICES, INC., and REID PYSICIAN ASSOCIATES, INC.,<br>    *Defendant.* | 1:10-cv-0526- JMS-TAB |

## **ORDER**

Plaintiff brings this lawsuit under the *qui tam* provisions of the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729(a), 3730(b), and its nearly identical state counterpart, the Indiana False Claims Act, Ind. Code §§ 5-11-5.5-2, 5.5-4.[1] Neither the United States nor the State of Indiana has elected to participate in the prosecution of the case, and a previous motion to dismiss, filed with respect to Plaintiff's original Complaint, was granted at to one count and converted by the court to a motion for more definite statement and granted in order to require more particularity from Plaintiff with respect to the fraudulent Medicare/Medicaid billing practices she alleges the Defendants engaged in.

In her Amended Complaint, Plaintiff alleges that the Defendants have knowingly submitted medical bills for payment by Medicare and/or Medicaid utilizing billing practices which were false or fraudulent in one of the following specified manners:  (1) false billing codes were used; (2) levels of treatment or services were upcoded; (3) duplicate payments were sought; (4) false

---

[1] Because the court has been presented with no authority to suggest that a substantive distinction exists between the pleading and proof requirements for claims brought under the state and federal acts, it will refer simply to the FCA in discussing the merits of the motion in this order.

diagnostic codes were used; (5) payment was sought for *locum tenens* physicians who no longer qualified as such; (6) payment was sought for services which were not provided; and (7) the place where services were provided was falsely reported to increase the amount of the payment.

Defendants have filed a Partial Motion to Dismiss (Dkt. #64), arguing that Plaintiff's assertion that false diagnosis codes were used fails to state a claim upon which relief may be granted and that her allegations that Defendants falsely reported the place where services were provided are insufficiently particular to meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. As explicated in this order, at this point of the litigation, the court finds merit in only one part of the Defendants' motion.

## I.   *Specificity of Pleadings*

Federal Rule of Civil Procedure, Rule 9(b), states:

(b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

As this court pointed out in its previous order addressing the first motion to dismiss, the FCA is an anti-fraud statute and plaintiffs who bring claims under its *qui tam* provisions must plead to the heightened requirements of Rule 9(b). *U.S. ex rel. Gross v. AIDS Research Alliance-Chicago,* 415 F.3d 601, 604 (7th Cir. 2005). Generally, a plaintiff must allege the who, what, when and where of the alleged fraud to survive a dismissal motion. *Ackerman v. Northwestern Mut. Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir. 1999).

Citing *U.S. ex rel. Fowler v. Caremark RX LLC*, 496 F.3d 730, 742-43 (7th Cir. 2007), Defendants argue that Plaintiff has failed to set forth in her pleadings a specific example of a claim submitted for payment by Defendants where the place of service was falsely identified. Plaintiff maintains that her complaint is sufficient because it contains numerous specific examples of the

other five types of fraudulent billing practices and she has identified a specific problem within the electronic billing system which caused the default coding identification of the place of service to be listed as the highest paying location.  Further, she identifies in her pleadings an intra-office email which identified the fact that this problem existed and that the problem was causing daily billing errors.

In *Fowler,* the Seventh Circuit affirmed a district court's ruling that its jurisdiction over a FCA claim was not barred by the act's proscription of claims based on public disclosures, but also affirmed the district court's denial of a motion to allow the filing of a third amended complaint because the relators had," after being given several chances", failed to offer a complaint which complied with Rule 9(b).  *Id*. at 742.  Just a couple years subsequent to the *Fowler* decision, the Seventh Circuit revisited its analysis and determined that, its reliance upon a minority legal interpretation when determining that the relator's claim had not been based on a public disclosure was mistaken and that the more sound position, which it now adopted, was that which had been adopted by a majority of courts had adopted and it would adopt as well.  *Glaser v. Wound Care Consultants, Inc.,* 570 F.3d 907, 910 (7th Cir. 2009).  This court noted that *Glaser* had overruled *Fowler* and was no longer precedential, in its earlier order on the first motion to dismiss, but did so in a footnote without significant discussion.

Defendants in this case have asked the court to take a closer look at the *Glaser* decision, arguing that the Seventh Circuit's change of position regarding the standard for judging what constitutes a public disclosure has not changed the law in this circuit with regard to the need for a relator to plead specific examples of each alleged method of fraud perpetrated by a defendant.  And, because this court has previously ordered the Plaintiff to plead with more specificity, the same conclusion should be reached here as was reached in *Fowler,* namely that a complaint of fraudu-

lent billing does not meet the heightened standards of Rule 9(b) if it does not identify specific fraudulent transactions.  Defendants also point out recent district court decisions which have continued to cite to *Fowler* as precedent for dismissing a FCA claim that fails to set out specific examples of the defendant's fraudulent presentment for payment.  *See U.S. ex rel. Wildhirt v. AARS Forever, Inc*., 2011 WL 1303390 (N.D.Ill., Case No. 09 C 1215, April 6, 2011); *U.S. ex rel. Stone v. Omnicare, Inc.*, 2011 WL 2669659, \*5 (N.D.Ill., Case No. 09 C 4319, July 7, 2011); *U.S. ex rel. Turner v. Michaelis Jackson & Associates, L.L.C*., 2011 WL 13510 \*6 (S.D.Ill., Case No. 03-cv-4219-JPG, January 4, 2011).

   After reviewing the cases cited by Defendants, this court is persuaded that *Fowler* remains the law of the Seventh Circuit with regard to the specificity required for pleading an FCA claim based upon fraud and associated with the presentment of multiple claims for payment.  At least one example of the particular fraud alleged must be detailed in the pleading.  The fact that an email was sent within Reid Hospital's billing hierarchy, noting that the electronic billing system was not working correctly when it came to manual entry of place of service codes, does not lead to an inescapable conclusion that inaccurate bills were submitted and not corrected.  There are too many details unaccounted for and this is the type of "gestalt" method of alleging a *qui tam* claim that has been rejected by the courts in this circuit.  *See Wildhirt*, 2011 WL 1303390 at \*3 (citing *U.S. ex rel. Garst v. Lockheed-Martin Cor*p., 328 374, 376 (7th Cir. 2003)) .  Furthermore, the fact that Plaintiff has set forth specific examples of Defendant's invoices in order to detail the six other allegedly fraudulent billing practices, does not excuse the requirement that it do the same to support its allegations that the Defendants knowingly submitted bills that had inaccurate service location coding.  *See U.S. ex rel. Tucker v. Nayak,* 2008 WL 907432, \*2 (April 2, 2008 S.D.Ill).

II.     *Failure to State a Claim*

Defendants' second argument for a partial dismissal meets with less success. They contend that, with regard to the submission of billings containing false diagnostic codes, Plaintiffs have failed to plead a claim for which relief can be granted. However, to reach that conclusion, Defendants ask the court to take judicial notice of the Medicare Claims Processing Manual, which Plaintiff references in her Amended Complaint. According to Defendants, after analyzing the requirements in the Manual with regard to reporting diagnostic codes and then reviewing the allegations of Plaintiff's Amended Complaint, the court should be able to conclude that under the circumstances that existed, Defendants used acceptable coding practices. On the other hand, Plaintiff contends that most of the provisions of the Manual cited to by Defendants are for certain "rare occasions" when the interpreting physician is not available to confirm a diagnosis and those provisions do not apply to pervasive circumstances where billing clerks are entering codes without attempts at reconciling the same with the appropriate physician.

The Plaintiff has not objected, and the court has no problem taking judicial notice of the Medicare Claims Processing Manual. It does have a problem with attempting to apply the Manual's content to the circumstances which existed with respect to any particular billing practice or request for payment. Even under the more stringent pleading requirements of Rule 9(b) for fraud cases, full-scale fact pleading is not a requirement. *Bankers Trust Co. v. Old Republic Ins. Co*., 959 F.2d 677, 683 (7th Cir. 1992); *Hirita Corp. v. J.B. Oxford and Co.,* 193 F.R.D. 589, 592 (S.D.Ind. 2000). In other words, Plaintiff is not required to set forth all of the facts relevant to her claims in the complaint. The references in the Manual to such things as the "rare occasion" or "[i]f the individual responsible for reporting the codes … does not have the report" dictate that some factual record be available to help guide an interpretation of the Manual's content and ap-

plication. Indeed, in a footnote to their brief, the Defendants even question whether the Manual's provisions are binding on them.

While the court has required some specificity on the part of Plaintiff, and specifically dismissed a claim for lack thereof, it will not attempt at this stage of the litigation to determine if the facts are such that any particular provision of the Medicare Claims Processing Manual is applicable to any particular circumstance. That is a question to be answered at a later date, perhaps upon a summary judgment motion or at trial, but not one which is ripe for ruling on a motion to dismiss.

### III. *Conclusion*

Defendants' Partial Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The allegations contained in paragraph 43 and paragraph 44 of Plaintiff's Amended Complaint (including subparts) asserting that Defendants billed Medicare/Medicaid claims using inaccurate "place of service defaults," lack sufficient detail of fraud, as required by Rule 9(b), to sustain a claim under the FCA, and such a claim must be dismissed. However, Plaintiff has sufficiently pled claims for which relief may be granted in paragraphs 33 and 38, with regard to use of false diagnostic codes, and that claim remains, along with the others not subject to the motion, for further factual development and prosecution.

IT IS SO ORDERED.

09/10/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Robert Daniel Craven
CRAVEN HOOVER & BLAZEK P.C.
dcraven@chblawfirm.com

David Benjamin Honig
HALL RENDER KILLIAN HEATH & LYMAN
dhonig@hallrender.com

Steven A. Hunt
INDIANA ATTORNEY GENERAL
shunt@atg.state.in.us

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov