UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAROL COOTS, et al., )  | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | 1:10-cv-526-JMS-TAB |
| ) | |
| REID HOSPITAL & HEALTH SERVICES, ) | |
| INC., et al., ) | |
|     Defendant. ) | |

**ORDER ON MOTION TO QUASH**

Plaintiff Carol Coots filed a complaint against Reid Hospital alleging wrongful termination for refusing to perform what she believed was fraudulent conduct. [Docket No. 61.] Coots served Reid with a first set of interrogatories and request for documents asking for all physicians' provider numbers and all facts and evidence relating to this case. [Docket No. 91-2.]

The Attorney General of Indiana moves to quash Coots' discovery requests on the grounds that the information sought: (1) encompasses attorney work product, and (2) is excepted from the public record disclosure requirements of Indiana Code 5-14-3-4. Coots did not file a response opposing the Attorney General's motion to quash. For reasons more fully set forth below, the Attorney General's motion [Docket No. 89] is granted.

Coots' document requests and interrogatories are exceedingly broad. *See Holland v. City of Gary*, No. 2:10-CV-454-PRC, 2012 WL 1388345 (N.D. Ind. Apr. 16, 2012). Consequently, Coots' requests are likely to implicate—and according to the Attorney General do implicate—attorney work product. *See Menasha Corp. v. U.S. Dep't of Justice*, 707 F.3d 846,

1

847 (7th Cir. 2013) ("The core of attorney work product consists of 'the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.'"). Coots' failure to respond to this motion prevents the Court from considering contrary arguments Coots might have proffered.

Although public records in Indiana typically must be disclosed when requested, and Coots' requests include public records, there are exceptions.  Pursuant to Indiana Code 5-14-3-4(a)(2), the Indiana Medicaid Fraud Control Unit declared its records confidential regarding criminal and civil investigations.[1]  This case involves a civil investigation.  Moreover, Indiana Code 5-14-3-4(a)(3) and HIPAA protect the confidentiality of patient medical records and charts.  Indiana Code 5-14-3-4(a)(9) also protects the confidentiality of patient medical records created by providers.

These provisions prohibit the disclosure of many, if not all, of the documents and public records requested by Coots.  These confidentiality provisions, particularly in light of Coots' failure to oppose the Attorney General's motion to quash, support granting the Attorney General's motion.  Accordingly, the Attorney General's motion to quash Coots' request for production of documents and first set of interrogatories [Docket No. 89] is granted.

DATED:  07/17/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] The MFCU is a health oversight agency as defined by the Health Insurance Portability and Accountability Act (HIPAA) and has a duty to maintain the confidentiality of the material it gathers in its investigations.

Copies to:

Robert Daniel Craven
CRAVEN HOOVER & BLAZEK P.C.
dcraven@chblawfirm.com

David Benjamin Honig
HALL RENDER KILLIAN HEATH & LYMAN
dhonig@hallrender.com

Andrew B. Howk
HALL, RENDER, KILLIAN, HEATH & LYMAN
ahowk@hallrender.com

Steven A. Hunt
INDIANA ATTORNEY GENERAL
shunt@atg.state.in.us

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov