UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CAROL COOTS,<br>    *Plaintiff-Relator*,<br><br>vs.<br><br>REID HOSPITAL & HEALTH CARE SERVICES, INC. *and* REID PHYSICIAN ASSOCIATES, INC.,<br>    *Defendants*. | 1:10-cv-00526-JMS-TAB |

## ORDER

Presently pending before the Court in this *qui tam* action is Plaintiff-Relator Carol Coots' Motion for Continuance of Trial and for Revision of Dates in the Case Management Plan. [Dkt. 90.] In the motion, Ms. Coots argues that revisions of dates set forth in the Case Management Plan – including the July 13, 2013 non-expert discovery cutoff, and the August 2, 2013 deadlines for her expert disclosures and for dispositive motions – along with a continuance of the February 3, 2014 trial date are necessary because: (1) "[l]itigation of this case is significantly more time consuming [than] Plaintiff initially anticipated"; (2) Ms. Coots must subpoena certain bills from Medicare and Medicaid, which is "both time consuming and expensive" and will take more than three months to accomplish; and (3) Ms. Coots anticipates that Defendants Reid Hospital & Health Care Services, Inc. ("Reid Hospital") and Reid Physician Associates, Inc. ("Reid Physicians") will move for summary judgment, and believes it is "expedient to receive a ruling on summary judgment before beginning the sampling process." [Dkt. 90 at 2-3.]

Defendants oppose Ms. Coots' Motion for Continuance, arguing that Ms. Coots has "been dilatory, both in her prosecution of this case and in her request for a continuance a mere four days before the close of discovery," and that "there is no good cause for the motion, the mo-

tion is not brought in good faith, and Defendants will be prejudiced by the requested continuance." [Dkt. 91 at 1.]

Ms. Coots replies by again asserting that she has "actively pursued prosecution of this case and has not been dilatory," that she could not actively pursue discovery until ten months ago when Defendants' Motion to Dismiss was denied in part, that "a strategic problem arose" regarding how to handle the billing data relevant to this matter, and that delays relating to requesting billing information from Medicare and Medicaid took place due to Defendants providing inadequate discovery responses. [Dkt. 94 at 1-4.]

The Seventh Circuit Court of Appeals encourages trial courts to stick to deadlines established in case management plans. *See, e.g., Campania Mgmt. Co., v. Rooks, Pitts & Poust*, 290 F.3d 843, 851-52 (7th Cir. 2002) ("We encourage the district courts to use a firm hand when shepherding cases to trial, carefully and thoughtfully adhering to the deadlines established after consultation with the parties pursuant to Rule 16 and Rule 26(f) in order to 'secure the just, speedy, and inexpensive determination of every action.' Fed. R. Civ. P. 1"). Nonetheless, upon a showing of "good cause," the Court should modify its case management plan. Fed. R. Civ. P. 16(b)(4). *See also* Local Rule 16-1(e) ("Absent court order, deadlines established in any order or pretrial entry under this rule may not be altered unless the parties and the court agree, or for good cause shown").

Ms. Coots attempts to show there is good cause for revision of the discovery and dispositive motion deadlines and continuance of the trial date by essentially arguing that she has actively litigated the case, but it is taking much longer than anticipated. She discusses alleged difficulties she has experienced in obtaining Medicare and Medicaid billing records, and attempts to

blame those difficulties on Defendants. A review of the docket, however, tells a different story. Specifically, the Court notes the following history:

- Ms. Coots filed her Complaint on April 27, 2010, [dkt. 1], and on October 29, 2010, the United States declined to intervene, [dkt. 19];

- On May 11, 2011, the Court ordered Ms. Coots to serve Defendants with the Complaint within 120 days, [dkt. 27]; Ms. Coots served the Defendants on September 2, 2011, [dkts. 29; 30];

- On January 25, 2012, the Court entered a Case Management Plan submitted by the parties which provided, among other things, a September 2, 2012 deadline for non-expert discovery, [dkts. 46; 51];[1]

- On April 2, 2012, the Court entered an Order dismissing certain claims Ms. Coots asserted in her Amended Complaint, converting the Defendants' Motion to Dismiss to a Motion for More Definite Statement, and ordering Ms. Coots to file an amended complaint within fourteen days which "pleads 'the who, what, when, where, and how' of Defendants' alleged fraud," [dkt. 55];

- On April 9, 2012, Ms. Coots moved for an extension of time to file her amended complaint, [dkt. 56], which the Court granted, [dkt. 58] – Ms. Coots filed her Amended Complaint on April 30, 2012, [dkt. 61];

- On May 14, 2012, Defendants filed a Motion to Dismiss the Amended Complaint, [dkt. 64];

- On August 30, 2012, the parties submitted a new Case Management Plan which proposed a non-expert discovery cutoff of July 13, 2013, an August 2, 2013 dispositive motions deadline, and a December 2, 2013 expert witness discovery deadline, [dkt. 75 at 5]. In the Proposed Case Management Plan, the parties requested a January 2014 trial date, [*id.*]. The Court entered the Case Management Plan on September 12, 2012, [dkt. 78];

- On September 10, 2012, the Court granted the Defendants' Motion to Dismiss in part, and denied it in part, [dkt. 76];

- On September 25, 2012, the Court set a trial date of February 3, 2014, [dkt. 79]; and

---

[1] The Case Management Plan was entered after a January 10, 2012 case management conference wherein Defendants claim that Ms. Coots "assured the Court she would conduct the necessary discovery to permit substantive [settlement] discussions." [Dkt. 91 at 2.] Ms. Coots does not dispute this assertion. [Dkt. 94.]

- On April 30, 2013, Ms. Coots served four interrogatories on each of the Defendants, [dkts. 91-1; 91-2].

This timeline reveals that, instead of pursuing discovery right after entry of the first Case Management Plan, Ms. Coots did nothing. Then, after entry of the second Case Management Plan – which included deadlines suggested and requested by her – she waited over seven months to serve just four interrogatories on each of the Defendants.

The interrogatories themselves also do not suggest that Ms. Coots is actively seeking the discovery needed to pursue this case. The first interrogatory to each Defendant merely requests the name of the person providing answers to the interrogatories, and the third and fourth interrogatories are generic in nature, requesting facts which support Defendants' denial of allegations in the Complaint and Defendants' affirmative defenses. [Dkts. 91-1; 91-2.] As for the third interrogatory, Ms. Coots argues that Defendants did not provide her with provider numbers used prior to May 22, 2007, which are not publicly available. [Dkt. 94 at 3-4.] Given Ms. Coots' delay in requesting this information, the Court finds this proffered reason for an extension unavailing. Ms. Coots waited until the last minute to serve discovery, and served only barebones interrogatories. Her conduct suggests that she is not pursuing this case in earnest. Her delay in pursuing discovery, which has now put her in a bad position because of the long-pending deadlines in the Case Management Plan, is not "good cause" for re-setting pending deadlines and continuing the trial.

Additionally, Ms. Coots' general excuse that litigating the case is harder than she thought it would be, or has taken more time than she thought it would, is not "good cause" for ignoring deadlines that she, herself, suggested and agreed to. Simply put: she brought this action and should not have done so if it was more than she could handle. And her new request that she be

allowed to put off pursuing discovery until after the Court rules on a yet-to-be-filed summary judgment motion is both premature and procedurally backwards. Ms. Coots proposed and agreed to a discovery deadline that would lapse nearly seven months before dispositive motions are due. The Court will not now reverse the order of events, and allow Ms. Coots to take a wait-and-see approach so that she can sit idle and only diligently pursue this litigation if the Court determines that she has valid claims. As the Seventh Circuit Court of Appeals has stated, "[w]e live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines"). It is time for this case to move forward.

Accordingly, the Court **DENIES** Ms. Coots' Motion for Continuance of Trial and for Revision of Dates in the Case Management Plan, [dkt. 90]. The deadlines set forth in the Case Management Plan, [dkt. 75], and the February 3, 2014 trial date, [dkt. 79], remain in effect.

07/19/2013

                                        Hon. Jane Magnus-Stinson, Judge
                                        United States District Court
**Distribution via ECF:**                 Southern District of Indiana

Robert Daniel Craven
CRAVEN HOOVER & BLAZEK P.C.
dcraven@chblawfirm.com

David Benjamin Honig
HALL RENDER KILLIAN HEATH & LYMAN
dhonig@hallrender.com

- 6 -

Andrew B. Howk
HALL, RENDER, KILLIAN, HEATH & LYMAN
ahowk@hallrender.com

Steven A. Hunt
INDIANA ATTORNEY GENERAL
shunt@atg.state.in.us

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov